UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHERWOOD L. STARR, | ) | CASE NO. 1:15 CV 126 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| FRANK BOVA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Sherwood L. Starr filed this action under 42 U.S.C. § 1983 against

Cuyahoga County Sheriff Frank Bova and Cuyahoga County Jail Warden Schobert.  In the

Complaint, Plaintiff asserts that the Cuyahoga County Jail maintains policies which are

unfavorable to lesbian, gay, bisexual, transgender and transgender non-conforming inmates.  He

seeks changes in policies and monetary damages.

## I.  BACKGROUND

Plaintiff alleges the Cuyahoga County Jail housing policies discriminate against lesbian,

gay, bisexual, transgender and transgender non-conforming inmates.  He contends these inmates

are housed only in dorms 9E and 9D and only in beds 1-12.  He states dormitory rules limited

one inmate per shower and one inmate per urinal at a time.  He alleges anxiety disorders may be exacerbated by an open dormitory environment.  He states without explanation that these inmates are denied equal rights and are victims of discrimination by unit staff.  He claims they are more likely to taken to administrative segregation.  He contends floor supervisors routinely ignore the needs of lesbian, gay, bisexual, transgender and transgender non-conforming inmates unless they are in administrative segregation.  He asks this Court to order the Jail to update its policies to allow equal rights and to allow them to be placed in cells, rather than dorms, to enforce a no retaliation policy, to alter the grievance policy and to order the Defendants to pay damages.

## II.  LAW AND ANALYSIS

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A

pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the

assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.

The Plaintiff is not required to include detailed factual allegations, but must provide more than

"an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151

F.3d 559, 561 (6th Cir. 1998).

## Discrimination

Assuming Plaintiff is either gay, bisexual, transgender or transgender non-conforming,

he has not alleged sufficient facts to suggest the Jail's policies denied him equal protection.  The

Equal Protection Clause prohibits discrimination by government actors which either burdens a

fundamental right, targets a suspect class, or intentionally treats one differently than others

similarly situated without any rational basis for the difference.  *Rondigo, L.L.C. v. Township of*

*Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d

291, 312 (6th Cir. 2005).  The threshold element of an equal protection claim is disparate

treatment.  *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).  When

disparate treatment is shown, the equal protection analysis is determined by the classification

used by government decision-makers.

To state a claim for discrimination under the Equal Protection Clause, the Plaintiff needs to allege sufficient facts to show that the Jail's policies intentionally discriminated against him because of his membership in a protected class. *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). *See also Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008) (an inmate retains the right to be free from "invidious discrimination based on race") (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). Although sexual orientation and transgender have not been identified as suspect classifications in the Sixth Circuit, they constitute an "identifiable group" for equal protection purposes. *See Davis v. Prison Health Services*, 679 F.3d 433, 441 (6th Cir. 2012) (citing *Stemler v. City of Florence*, 126 F.3d 856, 873-74 (6th Cir. 1997)). An equal protection claim brought on this basis is governed by rational basis review under which a "'plaintiff may demonstrate that the government action lacks a rational basis ... either by negating every conceivable basis which might support the government action, or by demonstrating that the challenged government action was motivated by animus or ill-will.'" *Id.* at 438 (quoting *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006) (quoting *Warren v. City of Athens*, 411 F.3d 697, 711 (6th Cir. 2005)). To state an equal protection claim in the prison context, Plaintiff must allege he was treated differently than other similarly situated prisoners. *McCleskey v. Kemp, Supt. Ga. Diagnostic and Class. Center*, 481 U.S. 279, 292-93 (1987); *Wells v. Jefferson County Sheriff Dept.*, 159 F.Supp.2d 1002, 1008 (S.D. Ohio 2001)).

Here, Plaintiff does not include sufficient allegations that show or permit an inference that the Jail's policies intentionally discriminated against him based his sexual orientation or his status as a transgender inmate or a transgender non-conforming inmate. He states gay, lesbian,

-4-

bisexual, transgender and transgender non-conforming inmates are housed in dorms 9E and 9D and only in beds 1-12.  By inference, the other beds in the dormitory were occupied by inmates who do not identify themselves as lesbian, gay, bisexual, transgender, or transgender non-conforming.  He does not allege what classification of inmates is housed in this dormitory. Cuyahoga County Court of Common Pleas records indicate Plaintiff resided in the jail for thirty-five days awaiting trial on misdemeanor charges of disorderly conduct.  There are non-discriminatory reasons why Plaintiff may have be housed in a dormitory as opposed to a cell. He was charged with a misdemeanor, not a violent felony.  He was a pretrial detainee, not someone who had yet been convicted of his offense.  He could post bail and be released until trial.  Plaintiff does not allege facts to suggest his assignment to a dormitory had a discriminatory purpose.

Plaintiff also alleges the jail policy for the dormitory limits one inmate at a time to a shower or urinal.  While this may be inconvenient, this policy affects all inmates in the dormitory, not just those who are lesbian, gay, bisexual, transgender, or transgender non-conforming.  Plaintiff fails to allege facts to suggest this had a discriminatory purpose.

Plaintiff's remaining assertions are stated solely as legal conclusions, unsupported by factual allegations.  He indicates the unit staff discriminates against this group of inmates.  He states they are more likely to be in administrative segregation.  He contends jail staff routinely ignore the needs of this group.  Although the standard of review for *pro se* pleadings is liberal, it requires more than bare assertions of legal conclusions.  *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  The Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest.  *Id.*  Legal conclusions

alone are not sufficient to meet this minimal pleading requirement to state a claim upon which relief may be granted.  *Twombly*, 550 U.S. at 555.

**Injunctive Relief**

Finally, Plaintiff seeks an Order from this Court requiring the Jail to alter its policies. He is no longer housed in the Jail and, in fact, was in the Lorain Correctional Institution at the time he filed the Complaint.  A prisoner's claim for injunctive relief becomes moot when the prisoner is no longer confined at the prison where the claim allegedly arose.  *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

## III. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED:  July 8, 2015

---

[1]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.